UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ESTRELLA DEPPNER**,<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES OF AMERICA**,<br><br>Defendant. | Case No. 22-cv-680 (CRC) |

## MEMORANDUM OPINION

Plaintiff Estrella Deppner worked as a nurse at a U.S. Department of Veterans' Affairs ("VA") health clinic from February 2015 through April 2016. Compl. ¶ 5. In this negligence action brought under the Federal Tort Claims Act ("FTCA"), Deppner alleges that the clinic was infested with bedbugs and that she was bitten on a near daily basis throughout her employment. Id. ¶¶ 7–10, 42–43. Deppner says she repeatedly complained about the bugs and that the clinic's landlord acknowledged the cause of the bites after she captured one of the critters in February 2016. Id. ¶¶ 9–10, 14–18, 20, 25, 27. According to Deppner, the bites resulted in painful sores and scarring over her body. Id. ¶ 13. She also claims that near the end of her stint at the clinic, in March 2016, she was diagnosed with anemia, which her doctor indicated could have been caused by the bites. Id. ¶ 39.

Deppner lodged a formal tort claim with the VA, which the agency received on March 9, 2018. See Opp'n Mot. Dismiss, Ex. 2. The VA denied the claim and this suit followed. Deppner's single-count complaint alleges that the VA negligently failed to maintain the clinic's premises, resulting in her injuries. Compl. at 8–9.

The government now moves to dismiss the case under Federal Rule of Civil Procedure 12(b)(6) on the ground that Deppner did not present her administrative claim to the VA within

two years after the claim accrued as required by the FTCA.[1] Mot. Dismiss at 5–8. Deppner opposes dismissal and moves to amend her complaint to clarify why, in her view, the administrative claim was timely. Opp'n Mot. Dismiss; Mot. Amend. Concurring with the government that Deppner had to present her claim to the agency by February 2018 at the latest, which clearly she did not do, the Court will grant the motion to dismiss and deny leave to amend as futile.

I.     **Legal Standards**

Under Federal Rule of Civil Procedure 15, leave to amend a complaint is to be "freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182 (1962) (quotation omitted). However, leave may be denied due to, among other reasons, "futility of amendment." Id. Amendment is futile where the amendment would not survive a motion to dismiss. Palacios v. MedStar Health, Inc., 298 F. Supp. 3d 87, 90 (D.D.C. 2018) (citing James Madison Ltd. by Hecht v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996)). The defendant has the burden of showing that leave to amend should be denied. Palacios, 298 F. Supp. 3d at 90 (citing Smith v. Café Asia, 598 F. Supp. 2d 45, 48 (D.D.C. 2009)).

The Court must grant a motion to dismiss when a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim when relief is barred by the applicable statute of limitations. Jones v. Bock, 549 U.S. 199, 215 (2007). In evaluating a motion to dismiss for failure to state a claim, the Court will "treat the complaint's factual allegations as true and must grant plaintiff the benefit of all inferences that can be derived from the facts alleged." Harbour v. Univ. Club of Wash., 610 F. Supp. 3d 123, 130 (D.D.C.

---

[1] Defendant also moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(1) on the grounds that the Court lacked subject matter jurisdiction due to the independent contractor exception to the FTCA. Mot. Dismiss at 3–5. Defendant withdrew this argument after receiving Deppner's opposition to the motion to dismiss. Reply Mot. Dismiss at 1 n.1.

2022) (quoting Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (cleaned up)).

**II.     Analysis**

To bring a claim under the FTCA, a plaintiff must "have exhausted his administrative remedy before filing suit." Benoit v. U.S. Dep't of Agric., 608 F.3d 17, 20 (D.C. Cir. 2010). As part of the exhaustion process, the FTCA requires that a plaintiff present her claim in writing to the appropriate federal agency within two years of the claim's accrual. See 28 U.S.C. § 2401(b). The parties dispute both when Deppner presented her claim to the VA and when the claim accrued.

To properly present a claim under the FTCA, a plaintiff must submit a written statement to the agency providing notice of her injury and stating the amount of money damages requested. 28 C.F.R. § 14.2(a); GAF Corp. v. United States, 818 F.2d 901, 919–20 (D.C. Cir. 1987). The requirement is satisfied when the agency receives the claim. 28 C.F.R. § 14.2(a).

Deppner maintains that the VA received her administrative claim on March 9, 2018. Am. Compl. ¶ 40; Opp'n Mot. Dismiss, Ex. 2 (return mail receipt indicating delivery on March 9, 2018). The government counters that the claim was not presented to the agency until April 9, 2018. Mot. Dismiss at 7; Mot. Dismiss, Ex. A (denial letter). Because the claim was untimely under either date, the Court applies the date most favorable to Deppner.[2]

---

[2] That Deppner signed and mailed her administrative complaint in February 2018 does not alter the filing date because, as noted above, the exhaustion requirement is only satisfied once the agency receives the claim. See Davis v. United States, 944 F. Supp. 2d 36, 39 (D.D.C. 2013) ("The plaintiff may have prepared a written FTCA claim, yet missing from his submissions is the required showing that the [appropriate agency] actually received the claim."). Nor do Deppner's informal complaints to VA staff satisfy the administrative exhaustion requirement, as she does not allege that those complaints included a sum of damages requested. See Opp'n Mot. Dismiss, Ex. 6 (email complaining of bite but not alleging a claim or requesting damages); see also Grant v. Sec'y, U.S. Dep't of Veterans Affs., No. 03-5260, 2004 WL 287125,

Assuming the VA received Deppner's claim on March 9, 2018, the claim was untimely if it accrued before March 9, 2016. The timing of accrual is a question of federal law. Loumiet v. United States, 828 F.3d 935, 947 (D.C. Cir. 2016) (citing Wallace v. Kato, 549 U.S. 384, 388 (2007)). A claim under the FTCA accrues once the plaintiff is "aware of h[er] injury and its probable cause."[3] See United States v. Kubrick, 444 U.S. 111, 118, 122–23 (1979); Williams v. United States, No. CV 17-783 (JEB), 2017 WL 11493266, at *6 (D.D.C. Nov. 1, 2017), aff'd, No. 18-5034, 2018 WL 4600728 (D.C. Cir. Aug. 22, 2018).

By her own account, Deppner knew she was being injured by bedbugs before March 9, 2016. In the year after she began working in the clinic in February 2015, Deppner was bitten on an "almost daily" basis and submitted a series of written complaints to management "at least every month." Compl. ¶ 10. The bites occurred on her "arms, legs, [and] face," id. ¶ 12, and left her covered in "sores, small bumps, and . . . indented (caved in) scars," making her "miserable, anxious, and uncomfortable," id. ¶ 13. And by February 2016, she reports having captured a bedbug and received confirmation from building management that bedbugs were biting her. Compl. ¶¶ 15, 25. Because Deppner was well aware of her injuries and their cause by February 2016, her claim had accrued at least by then, if not well before. See Reese v. Loew's Madison Hotel Corp., 65 F. Supp. 3d 235, 239–44 (D.D.C. 2014) (dismissing D.C. common-law tort claim based on bedbug bites as untimely where plaintiff failed to bring her claim when she first became

---

at *1 (D.C. Cir. Feb. 4, 2004) (per curiam) ("informal letter of complaint" without a sum of damages did not satisfy the FTCA's administrative exhaustion requirement).

[3] While Kubrick was a medical malpractice case, the rule it applied has since been used in other FTCA cases. See Cornauer v. United States, 394 F. Supp. 2d 93, 102 (D.D.C. 2005) (noting that the rule in Kubrick has been cited in cases involving trespass, nuisance, and occupational safety). And both parties cite Kubrick as the proper test for claim accrual under the FTCA. See Mot. Dismiss at 6–7; Opp'n Mot. Dismiss at 8.

aware of the cause of her injuries despite allegations suggesting that bites continued into the limitations period).

Deppner's rebuttals are unavailing. She first asserts that her claim did not accrue until she was diagnosed with anemia in late March 2016. Mot. Amend at 10; Opp'n Mot. Dismiss at 9. But claim accrual does not require that the plaintiff know the full extent of her injury, only that she has sufficient knowledge to bring a cause of action. See Wallace, 549 U.S. at 391 ("The cause of action accrues even though the full extent of the injury is not then known or predictable." (internal quotation omitted)); L.C.H. ex rel. Hagan v. United States, No. 12-CV-916 RLW, 2012 WL 6570685, at *6 (D.D.C. Dec. 14, 2012) ("To be aware of an injury, a plaintiff need not know the full extent of his or her injury. The limitations period will run even though the ultimate damage is unknown or unpredictable." (internal quotation omitted)). Again, Deppner was on notice that she had been injured by bedbug bites at least by February 2016. That she was later diagnosed with anemia, possibly from the same cause, does not change when her claim first accrued. See Compl. ¶ 39; M.J. ex rel. Jarvis v. Georgetown Univ. Med. Ctr., 962 F. Supp. 2d 3, 7 (D.D.C. 2013) (FTCA claim for injury caused by oxygen deprivation at birth accrued "even if [plaintiff] did not then know its full extent or its future impact on [her child's] development"), aff'd as modified sub nom. M.J. v. Georgetown Univ. Med. Ctr., No. 13-5321, 2014 WL 1378274 (D.C. Cir. Mar. 25, 2014); see also K.E.S. v. United States, 38 F.3d 1027, 1029–30 (8th Cir. 1994) (FTCA claim arising from repeated sexual assault accrued at the time of the attacks, even though plaintiff was later diagnosed with post-traumatic stress disorder).[4]

---

[4] Although Deppner does not raise the continuing-tort doctrine—an exception to the general rules of claim accrual—it bears mention. See Earle v. District of Columbia, 707 F.3d 299, 306 (D.C. Cir. 2012). A continuing-tort "is one that could not reasonably have been expected to be made the subject of a lawsuit when it first occurred because its character as a violation did not become clear until it was repeated during the limitations period." Taylor v. FDIC, 132 F.3d 753, 765 (D.C. Cir. 1997) (cleaned up); see also Gable v. United States, 319 F.

Deppner also suggests that the administrative filing deadline should be equitably tolled to permit her suit to proceed. Opp'n Mot. Dismiss at 8–10. Deppner is correct that the FTCA's statute of limitations is subject to equitable tolling. See United States v. Wong, 575 U.S. 402, 405 (2015). But cases warranting equitable tolling are "extraordinary and carefully circumscribed." Smith-Haynie v. D.C., 155 F.3d 575, 580 (D.C. Cir. 1998) (quoting Mondy v. Sec'y of the Army, 845 F.2d 1051, 1057 (D.C. Cir. 1988)). To invoke equitable tolling, a plaintiff has the burden to show "(1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citing Irwin v. Dep't of Veterans Affs., 498 U.S. 89, 96 (1990)). Deppner offers no grounds to support either showing. Accordingly, the Court declines to toll the two-year administrative filing deadline.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion to amend is denied as futile, and Defendant's motion to dismiss is granted.

A separate order will follow.

CHRISTOPHER R. COOPER
United States District Judge

Date:   August 2, 2023

---

Supp. 3d 37, 42 (D.D.C. 2018) ("The 'hallmark' of a [continuing-tort] is that 'its character as a violation did not become clear until it was repeated during the limitations period.'" (second internal quotation from Taylor, 132 F.3d at 765)). Usually in such cases, it is "only its cumulative impact . . . that reveals [the conduct's] illegality." Taylor, 132 F.3d at 765. The doctrine does not apply here because, as discussed above, Deppner was aware of her injury and its cause outside the limitations period. Any bites she experienced during the limitations period, which began March 9, 2016, were not required to put her on notice to file a claim.